RECEIVED
IN LAKE CHARLES, LA
MAR 0 6 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DAVID FUSELIER | : | DOCKET NO. 07-cv-1854<br>SECTION P |
| VS. | : | JUDGE MINALDI |
| TONY MANCUSO | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a 42 U.S.C. § 1983 civil rights action filed *in forma pauperis* by *pro se* plaintiff David Fuselier on November 5, 2007. Plaintiff is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana, where he is serving 37 months for a conspiracy and an intimidation charge; and 10 years for a use of explosives in commission of felony charge. However, plaintiff's complaint centers around events that occurred while he was incarcerated at the Calcasieu Parish Jail in Lake Charles, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff's original complaint as well as an April 10, 2008 amendment lacked specific information to support allegations that his constitutional rights had been violated by the named defendants. Docs. 1, 10. Thus, this court issued a Memorandum Order directing plaintiff to amend his complaint and cure the noted deficiencies. Doc. 17. In the Memorandum Order, plaintiff was advised that his complaints failed to set forth a cause of action for his claims relating to the conditions of his confinement; due process violations; failure to protect; and access to the courts. He was instructed that he needed to plead specific facts to comply with the provisions of Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff filed a response to the memorandum order and two amendments. Docs. 18, 22, 23. Plaintiff was very clear in these responses/amendments that he was raising only one ground in the present suit[1]–that after being sentenced and remanded to the Bureau of Prisons, he was to be delivered to the BOP by the U.S. Marshal Service but instead was delivered to the Calcasieu Parish Jail where he remained for four years. Doc. 18, at 1-2; Doc. 22, at 4-5; Doc. 23, at 2-3. Plaintiff alleged that housing him (a federal inmate) in a parish jail violated his constitutional rights. Plaintiff also added additional defendants: the Calcasieu Parish Correctional Center, the Director of the Bureau of Prisons Harley Lapin, the Federal Bureau of Prisons, the U.S. Marshal Service, and two unknown agents.

In support of his claims, plaintiff states that he was given a federal sentence and was remanded to the BOP, not the parish jail in Lake Charles, Louisiana. He also states that he did not have any charges in Lake Charles and thus had no reason to be in jail there. Further, plaintiff claims that Calcasieu Correctional Center neglected to timely call the U.S. Marshal Service to come get him, and that the U.S. Marshal Service (who originally brought him to the parish jail) should not have taken four years to go back for him. In regard to the Federal Bureau of Prisons, he states that it has a duty to keep track of its prisoners but that it neglected to do so with him. In fact, he states that the negligent actions or inactions of these parties resulted in the violation of his constitutional rights.[2]

---

[1] Therefore, any other claims made by plaintiff in this matter are considered dismissed.

[2] It should be noted that claims arising from allegedly negligent acts do not give rise to relief under § 1983. *Hare v. City of Corinth*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (negligence insufficient to support failure to protect claim under § 1983); *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (negligence cannot support § 1983 action for deprivation of religious rights or for an Eighth Amendment claim based upon prison officials' alleged gross negligence in permitting a gas leak to occur); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (negligent medical care); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir. 1992) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.") *vacated on other grounds* 15 F.3d 443 (5th Cir.1994).

As a result of the above, plaintiff seeks damages in the amount of $300.00 per day from each named defendant for each day that he was allegedly unlawfully confined at Calcasieu Parish Jail.

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

if given yet another opportunity to add more facts to the complaint." *Macias*, 23 F.3d at 97.

Accepting all of plaintiff's allegations as true, the undersigned concludes that the complaint should be denied and dismissed with prejudice as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

As previously stated, plaintiff claims that his incarceration in the Calcasieu Parish Jail violated his constitutional rights. This claim must fail as federal law clearly authorizes the Bureau of Prisons to house inmates in their custody at a facility of their choosing. 18 U.S.C. § 3621 provides in pertinent part:

> (a) Commitment to custody of Bureau of Prisons. - A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior . . . .
>
> (b) Place of imprisonment. - The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . .

Clearly, the Bureau of Prisons was authorized to have Calcasieu Parish Jail house plaintiff. As to plaintiff's dissatisfaction with that designation, he fails to state a claim for which relief may be granted, since the Supreme Court has held that prisoners lack a constitutionally protected interest in where they are incarcerated. *See Olim v. Wakinekona*, 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND**

**DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Lake Charles, Louisiana on this ___ day of March 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE